2014-99 Franco against the Defense Logistics Agency. Mr. Lawler. Good morning, your honors. And may it please the court, my name is Brian Lawler. I represent the petitioner in this case, Christina Franco. I would like to apologize in advance to counsel and the court. I'm dealing with a little bit of a throat issue, so I'll try to mute myself as I have to clear my throat, but it's been a bit of a problem the last couple of days. Ms. Franco is here to ask the court to reverse and remand the Merit Systems Protection Board's initial decision in which it dismissed her case as moot, and did not allow her lead to amend her initial appeal to include a constructive discharge claim that stemmed from the same set of facts that gave rise to the underlying claim of hostile work environment discrimination to her detriment, which ultimately forced her to resign, in other words, a constructive discharge claim. The board committed reversible error in opining that because Ms. Franco no longer worked for the Defense Logistics Agency, her claim was necessarily moot, and because she immediately secured other employment and had no economic wage loss, that there was no remedy available to Ms. Franco. What remedy are you looking for? The equitable remedy, Your Honor, of front pay, and it's abundantly clear in case law. Front pay measures on what measure? Well, that's a rather subjective measuring stick, not to be flippant about that, but it's rather subjective, and the cases in which front pay is awarded, again, as an equitable remedy, there's no question it's not a matter of an element of damages, but it is allowed under USERRA for a court or the board to use its full equity powers and award front pay. Cases under various other anti-discrimination statutes, whether it be the ADA or the ADA or... Mr. Lawler, this is Judge Powell. ...that it's provided by USERRA, but isn't that the law of USERRA as it applies to private litigants or corporations? That's not the USERRA provision that applies to the federal government, which has, you know, only provided certain level of relief given the federal government's sovereign immunity. Excuse me, Your Honor, I have to apologize. The majority of what Your Honor just said was garbled and cut off. I heard the last part, which I think the gist of your question was, how does the equitable relief we're seeking, which is specifically provided for in 4323 for state and private employers, apply to the federal government under 4324? Is that the gist of Your Honor's question? Right, well, I hate to tell judges that they're wrong, Your Honor, but I respectfully disagree, and I would invite the court to look at section 4324, paren-C, paren-3, and 4324C3, which does apply to the federal government, reads in part that any compensation received by a person pursuant to an order under paragraph 2, which provides for economic damages in cases against the federal government brought before the board, shall be in addition to other rights or benefits provided by the chapter, and shall not diminish any right or benefit provided by the chapter. So Congress, it appears clearly, is incorporating by reference the other remedies available under 4323. Well, I think your problem here is that you don't assert economic damages. I gather there was no period of unemployment that, in terms of mootness, it looks as if that was a factor that was considered. Well, there's no dispute that that was considered, Your Honor, and there's no dispute that Ms. Franco didn't suffer any economic damages. Our position is… But what are you asking for? But what are you asking for if there was no economic injury? The equitable remedy of front pay. Front pay, when reinstatement is not an option, necessarily has to be in monetary compensation. It's a subtle distinction, but they're not damages because she doesn't have any damages. But courts, and we've cited many of them, but courts have and do provide monetary compensation when reinstatement is not an available alternative. Can you cite a case where the board has used or granted equitable relief, the kind you're talking about? We cannot cite a case, Your Honor. It's a matter of first impression for a case coming to this circuit through the Merit Systems Protection Board. You're asking us to create law here. We're asking the court to create law to follow other circuits which have done so that we cite in our brief. None has applied this to the Merit Systems Protection Board because none that I'm aware of has come before this court asking for this relief. But the circuits that we cite in our open brief have done so abundantly. And again, under USERRA, which now there are several cases in which front pay was provided under USERRA, they're done quite frequently under the other anti-discrimination statutes I mentioned a moment ago. The catch-22 is hostile work environment and discrimination are cognizable causes of action that have been recognized by this court. It was Peterson v. Department of the Interior, a 1996 case brought before the board. But in a hostile work environment, discrimination then constructed discharge or wrongful term case. If, as here, there are no economic damages, if the appellant were to find... Like in our case, it would seem they left holding the bag and there is no recourse. Well, that's not what we feel the law provides. Unless the law provides front pay as an element of equitable relief because she can't go back to work at DLA. Then we get to, well, what is that number? As Your Honor correctly pointed out, we don't know that. It is a very subjective determination to be made by the trial court, or in this case the board, to determine what the element of front pay would be. And it's usually a function of the amount of time that the appellant or plaintiff had to deal with the hostile work environment and what ultimately resulted. Because many hostile work environment claims don't result in termination or constructive discharge. This one did. We feel it was an abuse of discretion by the board not to even address that issue. Could it be because that issue doesn't exist in law? That's certainly an observation that one could make. I would again respectfully disagree with this. So how are you saying that they abuse their discretion if this equitable relief doesn't even exist? You're asking us to link different sections of a statute and don't give us any legal authority to do that. Your Honor, I would invite the court to look at what I think is page 26 in our initial, it's actually page 19 of the brief, but as filed, it's page 26 of the ECF filing. There have been no circuits, sir, there have been no circuits that have found equitable powers under 4324. Correct? That is absolutely true. Because that would be this circuit only. If that's the case, then how can you say that there's been an abuse of discretion here? Well, the board didn't properly look at some of the authority we cited that said, look, other circuits have done so. Maybe they have, but they found that there's no authority out there that gives the board the authority to do this. I don't find... Go ahead, Your Honor, I'm sorry. Yeah. I don't find that... Sorry. Go ahead, sir. No, sir, I'm sorry for interrupting. Please continue, Your Honor. Well, it's just the point you're asking us to create law, you're asking us to do what I think Congress would have to do, and we don't have the authority to do that. You don't cite any authorities. I don't even see that you're making a compelling argument as to why we should read together these two different sections and create a link that's not there. Your Honor, respectfully, we think 4324C3 does incorporate the equitable relief available under 4323. And the fact that Congress said any economic damages shall be in addition to any other right or benefit provided by you, Sarah, and shall not diminish that. So just because the federal circuit and the MSPB have not so ruled doesn't mean they can't. This is clearly a matter of first impression. We are asking... This is Judge Stoll. I have a quick question. I hear what you're saying, but one of the reasons why I have a big problem with your position, which is that we're supposed to take language in 4323 and read it into Section 4324. But if Congress meant that, wouldn't they have put it expressly in 4324? That's a canon of statutory construction that we can't just ignore, right? There's no question about that, Your Honor. They could have put it in there. But, again, our position, and I think the benchmark on which we rely is... I see my... Over time, may I finish my answer to the question? Yes, please do. Yes, ma'am. Again, as Your Honor pointed out, it's not codified in 4324. There's no dispute about that. Congress could have put this language in about full equitable powers. It did not, but we feel 4324C3 incorporates it by reference and refers to in addition to other rights provided by the chapter. And the chapter would be the entire statute, not just 4324, and shall not diminish any other such rights. So we feel like Congress just chose not to be verbose and redundant and simply incorporated 4323's damages and equitable relief provisions in 4324C3. Thank you, Your Honors. Okay, thank you. Let's hear from the other side. Thank you, Your Honor. May it please the Court. We respectfully request that the Court affirm the administrative judge's dismissal of Ms. Franco's appeal. It doesn't seem to be disputed by either party that Ms. Franco did not suffer a loss of wages or benefits. And therefore, under the plain language of 4324, there is no effectual relief that the administrative judge could have granted. Ms. Franco's argument on appeal relies on an inapplicable statute and cases interpreting that statute. Section 4324, as the Court has already recognized, applies only to state or private employers and not the federal government. Ms. Franco did not raise the argument of incorporation under 4324C3 in her brief. But even if she had, it's not persuasive because the plain language of 4324 provides only for the two remedies and not for an equitable remedy, as Congress very clearly provided in 4323. And therefore, we believe that the administrative judge properly dismissed her claim as moot. Additionally, the second claim that Ms. Franco raises is whether the administrative judge abused her discretion by denying Ms. Franco's motion to dismiss her appeal. And we would just note that the administrative judge has wide discretion in the administration of her docket. And Ms. Franco has not put forth any argument that shows that the administrative judge's denial of that motion amounted to an abuse of discretion. Thank you. Any questions for counsel? All right, Mr. Lawler, you have the last word. Your Honor, I appreciate the opportunity. I only need to speak if Your Honors have questions for me. I think I've said what I needed to say in my initial argument. Okay, any more questions from the panel? All right, thanks to both counsel. The case is taken under submission.